United States District Court
Southern District of Texas
**ENTERED**
November 09, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-20-3116 |
| | § | |
| MICHELLE WEISHIEMER and | § | |
| DOMINIQUE JAMAL DOYLE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff's Motion for Summary Judgment (Document No. 15) was referred to the undersigned Magistrate Judge for a Memorandum and Recommendation. Having considered that motion, the response, Plaintiff's reply, the claims and issues in this case, the terms of the insurance policy that is at issue, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment be GRANTED.

**I.  Background**

This is a declaratory judgment action, in which Plaintiff Allstate Insurance Company ("Allstate") seeks a declaration that it has no duty to defend Defendant Dominique Jamal Doyle ("Doyle") in an underlying state court action, or pay any damages to Defendant Michelle Weishiemer  (Weishiemer") stemming from a default judgment entered against Doyle and in her favor in the underlying state court action. That underlying state court action is a personal injury action (automobile accident) filed by Weishiemer against Doyle in the 269th District Court of Harris County, Texas, No. 2018-79425. Doyle did not file an answer or otherwise make an appearance

in the underlying state court action and a Default Judgment was entered against him, and in Weishiemer's favor, in the amount of $1,183.348.60, on April 6, 2021. Allstate, in this action, seeks a declaration that it did not owe Doyle a duty to defend him in the underlying action, and is not obligated to pay the Default Judgment entered against him in the underlying action because Doyle failed to both notify Allstate that he had been served in the underlying action and request that Allstate provide him with a defense in the underlying action.

Allstate now seeks summary judgment on that declaratory judgment claim, arguing that it was prejudiced as a matter of law based on Doyle's failure to notify it that he had been served and/or failure to request a defense in the underlying action. Doyle, who has been served in this case, has not filed an Answer. Weishiemer, in whose favor the Default Judgment was entered in the underlying action, has appeared in this case and argues, in response to Allstate's Motion for Summary Judgment, that Allstate had actual knowledge of the existence of the underlying action before Doyle was served in the underlying action and before the Default Judgment was entered in that underlying action. Weishiemer argues that given Allstate's actual knowledge of the underlying action, Allstate cannot avoid it obligations to provide coverage for the damages made the basis of the underlying action.

## II.     Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once

the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).[1] A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

---

[1] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

**III.    Discussion**

The insurance policy at issue in this declaratory judgment action was issued by Allstate to Guadalupe Garza Duran (hereafter referred to as "Allstate policy").  At the time of the accident made the basis of the underlying action, Doyle was driving a vehicle listed on the Allstate policy. That Allstate policy set forth the following obligations of any person seeking coverage under the policy:

> **Part E – Duties After and Accident or Loss**
> **General Duties**
>
> A.   We must be notified of how, when and where the accident or loss happened, Notice should also include the names and addresses of any injured persons and of any witnesses.  If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy.
>
> B.   A person seeing any coverage must:
>   1.   Cooperate with us in the investigation, settlement or defense of any claim or suit.
>   2.   Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
>   3.   Submit, as often as we reasonably require, to physical exams by physicians we select.  We will pay for these exams.
>   4.   Authorize us to obtain:
>        a.   medical reports; and
>        b.   other pertinent records.
>   5.   When required by us:
>        a.   submit a sworn proof of loss;
>        b.   submit to examination under oath.

Allstate Policy (Document No. 15-1 at 39).

There are really no facts in dispute.  It is undisputed that Doyle did not provide Allstate with notice that he had been served in the underlying action and did not ask Allstate to defend him in the underlying action. Affidavit of Regina Houston at 2, 3 (Document No. 15-2 at 3, 4.  It is also undisputed that Allstate had actual knowledge of the underlying state court action.  *Id.*   At issue in

the Motion for Summary Judgment is the effect of Allstate's actual knowledge, with Weishiemer arguing that the lack of notice and lack of a request for a defense by Doyle does not matter given that Allstate had actual knowledge of the underlying action through other means, well before the Default Judgment was entered in the underlying action. But because, under Texas law, it both *does* matter whether Doyle provided Allstate with *notice* and/or requested a defense, and *does not* matter that Allstate obtained actual *knowledge* of the underlying action through other means, Allstate is entitled to summary judgment in this declaratory judgment case.

In *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Crocker*, 246 S.W.3d 603, 609 (Tex. 2008), the Texas Supreme Court determined, in response to questions that had been certified to it by the Fifth Circuit Court of Appeals, that an insurer's "actual knowledge of service of process in a suit against its additional insured, when such knowledge is obtained in sufficient time to provide a defense for the insured," does not prevent the insurer from relying on the "additional insured's failure to comply with the notice-of-suit provisions in the policy." In other words, an insurer can be "prejudiced," and thereby allowed to rely on contractual notice provisions in the policy, even if the insurer has actual knowledge of a suit against an insured.[2] When an insurer is "prejudiced," it both has no duty to defend the insured and no liability for any damages assessed against the insured. *Id.* at 609, 610 ("Insurers owe no duty to provide an unsought, uninvited, unrequested, unsolicited defense," and where there is no duty to defend an insured, there can be no liability).

As discussed in cases following *Crocker*, "Texas law distinguishes between late and nonexistent notice in determining whether the timing of notice has prejudiced an insurer as a matter

---

[2] "An insured's failure to *timely* notify its insurer of a claim or suit does not defeat coverage if the insurer was not prejudiced by the delay." *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636–37 (Tex. 2008).

of law." *Gonzalez v. Philadelphia Indemnity Ins, Co.*, Civil Action No. 1:14-cv-215, 2015 WL 12550934 *3 (S.D. Tex. Oct. 14, 2015). Where the notice is tardy, it is for the insurer to prove that it was prejudiced by the delay. *Id.* Where there has been no compliance at all with the "contractual notice-of-claim provisions," the insurer is considered to be prejudiced as a matter of law. *Id.*; *see also Jamestown Ins. Co., RRG v. Reeder,* 508 F.App'x 306, 309 (5th Cir. 2013) ("In Texas, '[t]he failure to notify an insurer of a default judgment against its insured until after the judgment has become final and nonappealable prejudices the insurer as a matter of law.'"); *Berkley Regional Ins. Co. v. Philadelphia Indemnity Ins. Co.*, 690 F.3d 342, 350 (5th Cir. 2012) ("It is true that when an insurer first receives notice of a suit after a default judgment has been entered, prejudice exists as a matter of law."); *Gavion v. Ace American Ins. Co.*, Civil Action No. H-16-1930, 2017 WL 1832213 (S.D. Tex. May 4, 2017) (where insured sought no defense in a state court personal injury action and a default judgment was entered against him, the insurer was prejudiced as a matter of law by the lack of contractually required notice); *Vasquez v. Western General Automobile Ins. Co.*, Civil Action No. H-18-1399, 2019 WL 3238462 *3 (S.D. Tex. July 15, 2019) (holding that where insured "did not provide notice of the Underlying Suit to [the insurer] prior to the default judgment being entered against him, [the insurer] was prejudiced as a matter of law").

Here, there is no dispute that Allstate did not receive notice from Doyle as required by the terms of the policy. This is not a case where Doyle provided late notice; there was no contractually provided notice from him to Allstate *at all*. As such, as argued by Allstate, in the absence of the contractually required notice, it had no duty to defend Doyle, and has liability for any damages awarded/assessed against Doyle in the underlying state court action. Irrespective of the actual *knowledge* Allstate had of the underlying action, the absence of the contractually required notice prejudiced it as a matter of law. Allstate is therefore entitled to summary judgment in this declaratory judgment case.

### IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that Allstate, as a result of the failure of Defendant Doyle to provide contractually required notice of the underlying action, had no duty to defend Doyle in the underlying action, and has no duty to pay any damages assessed against Doyle to Weishiemer in the underlying action, the Magistrate Judge

RECOMMENDS that Plaintiff Allstate Insurance Company's Motion for Summary Judgment (Document No. 15) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), to the recommendation made herein relative to Defendant's Motion to Dismiss. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *See Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 9th day of November, 2021.

Frances H. Stacy
United States Magistrate Judge